David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Phone: +1 (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

Daniel E. Doherty (DD-2145)
DE DOHERTY LAW OFFICE, LLC
7300 W. 110th Street, Suite 930
Overland Park, Kansas 66210
Phone: +1 (913) 338-7182
Email: ded@ddoherty.net

*Counsel for Plaintiffs*

Mari Kristine Bonthuis (MB-4578)
STERLINGTON, PLLC
228 Park Ave S #97956
New York, New York 10003
Phone: +1 (212) 443-2834
Email: mari.bonthuis@sterlingtonlaw.com

*Counsel for Plaintiffs*

James A. Hunter (JH-1910)
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Phone: +1 (484) 275-2162
Email: hunter@hunterkmiec.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CALENTURE, LLC, DENNIS DONOGHUE, REVIVE INVESTING LLC, and NOSIRRAH MANAGEMENT, LLC,

Plaintiffs,

– v. –

PILGRIM GLOBAL ICAV and PILGRIM GLOBAL ADVISORS LLC,

Defendants,

– and –

SABLE OFFSHORE CORP.,

Nominal Defendant.

ECF CASE

No. 26-26

COMPLAINT FOR RECOVERY OF "SHORT-SWING" PROFIT UNDER 15 U.S.C. § 78p(b)

JURY DEMAND

Plaintiffs Calenture, LLC, Dennis Donoghue, Revive Investing LLC, and Nosirrah Management, LLC (collectively, "Plaintiffs"), by their undersigned counsel, plead for their Complaint as follows:

## INTRODUCTION

1. This is an action for recovery of "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) was Congress's original answer to insider trading. For many years, it was the only express regulation of insider trading at the federal level. Congress enacted the statute "[f]or the purpose of preventing the unfair use of information which may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(b).

3. Section 16 applies to every director or officer of an issuer with a class of equity securities registered under Section 12 of the Act. *Id.* § 78p(a). It also applies to every "beneficial owner" of more than 10% of any such class. *Id.*

4. Under Section 16(b), these so-called "insiders" must turn over to the issuer any profit they realize from any purchase and sale, or sale and purchase, of the issuer's equity securities within any period of less than six months. *Id.* § 78p(b). If an insider fails to return this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

5. Liability under Section 16(b) is strict. The insider must turn over the profit from a short-swing transaction "irrespective of any intention on the part of [the insider] . . . in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

6. Plaintiffs, all stockholders of Nominal Defendant Sable Offshore Corp. ("Sable"), bring this action under Section 16(b) of the Act against two other Sable

stockholders, Defendants Pilgrim Global ICAV (the "Pilgrim Fund") and Pilgrim Global Advisors LLC ("Pilgrim Advisors" and, collectively with the Pilgrim Fund, the "Pilgrim Defendants"). While subject to Section 16(b), the Pilgrim Defendants realized more than $2.7 million in profit from their trades in Sable's equity securities within a period of less than six months.

7. Under Section 16(b), that profit is now Sable's lawful property, which the Pilgrim Defendants are strictly liable to account for and turn over.

**JURISDICTION**

8. The Court has jurisdiction over this action under Section 27 of the Act, 15 U.S.C. § 78aa, and under 28 U.S.C. § 1331.

9. Venue lies in this District under Section 27 of the Act because the transactions described in paragraphs 17-20 below were executed through the facilities of the New York Stock Exchange, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

**THE PARTIES**

10. Plaintiff Calenture, LLC is a limited liability company formed under the law of the State of New York with a principal place of business located therein.

11. Plaintiff Dennis Donoghue is a natural person and a resident of the State of New York.

12. Plaintiff Revive Investing LLC is a limited liability company formed under the law of the State of Texas with a principal place of business located therein.

13. Plaintiff Nosirrah Management, LLC is a limited liability company formed under the law of the State of Delaware with a principal place of business located in the State of New York.

14. Defendant Pilgrim Fund is an Irish Collective Asset-management Vehicle formed under the law of the Republic of Ireland with a principal place of business located therein. Irish law treats the Pilgrim Fund as an "AIF," or alternative investment fund. Such funds are permitted to use more complex strategies, and make more illiquid and leveraged investments, than ordinary mutual funds. The Pilgrim Fund's SEC filings on Form D describe it as "hedge fund" with a $5,000,000 minimum investor commitment. The fund has never registered with the SEC as an investment company.

15. Defendant Pilgrim Advisors is a limited liability company formed under the law of the State of Delaware with a principal place of business located in Reno, Nevada. At all relevant times, Pilgrim Advisors served as the investment adviser to the Pilgrim Fund, sharing investment and voting power over the fund's portfolio securities and receiving fees based on the performance of the fund's investments. Pilgrim Advisors and its related persons beneficially own approximately 22% of the Pilgrim Fund.

16. Nominal Defendant Sable is a Delaware corporation with a principal place of business located in Houston, Texas. At all relevant times, Sable's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and was listed for trading on the New York Stock Exchange. Plaintiffs bring this action in the right and for the benefit of Sable, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

**SOLE CLAIM FOR RELIEF:**
**RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b)**
**(AGAINST EACH PILGRIM DEFENDANT)**

17. On April 17, 2025, the Pilgrim Fund sold 143,806 shares of Sable's common stock at a price of $25.37 per share.

18. On July 18, 2025, the Pilgrim Fund sold 167,175 shares of Sable's common stock at a price of $21.98 per share.

19. On October 15, 2025, the Pilgrim Fund purchased 563,886 shares of Sable's common stock at a weighted average price of $14.74 per share.

20. In a second transaction on October 15, 2025, the Pilgrim Fund purchased another 418,759 shares of Sable's common stock, this time at a weighted average price of $15.44 per share.

21. All of the transactions described in paragraphs 17-20 above were made while each of the Pilgrim Defendants beneficially owned more than 10% of Sable's outstanding common stock.

22. The Pilgrim Defendants disclosed the transaction described in paragraph 17 above on a Statement of Changes in Beneficial Ownership on Form 4 jointly filed with the SEC on April 21, 2025, a copy of which is attached as Exhibit A.

23. The Pilgrim Defendants disclosed the transaction described in paragraph 18 above on a Statement of Changes in Beneficial Ownership on Form 4 jointly filed with the SEC on July 22, 2025, a copy of which is attached as Exhibit B.

24. The Pilgrim Defendants disclosed the transactions described in paragraphs 19-20 above on a Statement of Changes in Beneficial Ownership on Form 4 jointly filed with the SEC on October 17, 2025, a copy of which is attached as Exhibit C.

25. Each of the transactions described in paragraphs 17-20 above was a garden-variety stock trade brokered for cash over the open market.

26. All of the transactions described in paragraphs 17-20 above were made within a single period of less than six months.

27. Each of the Pilgrim Defendants had a direct or indirect pecuniary interest in all of the transactions described in paragraphs 17-20 above.

28. As a result of their sale and purchases of Sable's equity securities within a period of less than six months, the Pilgrim Defendants realized a recoverable profit of about $2,739,004.78 according to the "lowest in, highest out" method of profit calculation used under Section 16(b) of the Act.

29. Plaintiffs made demands on Sable for recovery of the Pilgrim Defendants' short-swing profit by separate letters of their counsel on or about October 17 and 18, 2025.

30. More than 60 days have passed since those demands were made, and Sable has not instituted any action to recover the profit realized.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this Court for judgment:

(a) Requiring the Pilgrim Defendants, jointly and severally, to account for and pay over to Sable the short-swing profit realized by them in violation of Section 16(b) of the Act in an amount not less than $2,739,004.78, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiffs their costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiffs such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on every question so triable.

Dated: January 4, 2026

Respectfully submitted,

/s/ David Lopez
David Lopez, Esq.
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

/s/ Daniel E. Doherty
Daniel E. Doherty
DE DOHERTY LAW OFFICE, LLC
7300 W. 110th Street, Suite 930
Overland Park, Kansas 66210
Phone: +1 (913) 338-7182
Email: ded@ddoherty.net

*Counsel for Plaintiffs*

/s/ Mari Kristine Bonthuis
Mari Kristine Bonthuis
STERLINGTON, PLLC
228 Park Ave S #97956
New York, New York 10003
Phone: +1 (212) 443-2834
Email: mari.bonthuis@sterlingtonlaw.com

*Counsel for Plaintiffs*

/s/ James A. Hunter
James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Phone: +1 (484) 275-2162
Email: hunter@hunterkmiec.com

*Counsel for Plaintiffs*